IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OSVALDO GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-259-TLW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Osvaldo Garcia seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claims for disability insurance benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. 11). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## ISSUES

Plaintiff argues: (1) that the ALJ's refusal to order requested literacy testing was "contrary to law and not supported by substantial evidence"; and (2) that "the ALJ's finding regarding [plaintiff's] educational level was not supported by substantial evidence given Dr. Vaught's test results." (Dkt. 17).

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial

evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a forty-five-year-old male, protectively filed applications for Titles II and XVI benefits on July 21, 2012. (R. 210). Plaintiff alleged a disability onset date of February 27, 2011. (R. 209). Plaintiff's claims for benefits were denied initially on November 7, 2012, and on reconsideration on March 8, 2013. (R. 100-01, 129-37; 103-04, 142-47). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on October 15, 2013. (R. 26-72). The ALJ issued a decision on December 19, 2013, denying benefits and finding plaintiff not disabled. (R. 7-25). The Appeals Council denied review, and plaintiff appealed. (R. 1-5; dkt. 2).

## ANALYSIS

Plaintiff's second argument is dispositive; therefore, the Court will limit its decision to that issue.[1] Plaintiff attended school in Mexico through the eighth grade and has very limited ability to

---

[1] Plaintiff's first argument is that the ALJ failed to develop the record on the issue of plaintiff's literacy. During the hearing, plaintiff's attorney suggested that the ALJ "consider … sending him out for [literacy] testing." (R. 31). The ALJ did not order the testing and did not address plaintiff's request in his decision. Even if the Court concluded that plaintiff's attorney made a proper request for testing, because plaintiff obtained the testing on his own and because the Appeals Council accepted the testing and made it part of the record, the issue is essentially moot.

read and write in English. (R. 36-37, 62-63). Plaintiff's wife reads papers to him, and she completed his Social Security paperwork for him. (R. 32, 62). Plaintiff's attorney explained to the ALJ at the hearing that plaintiff can usually speak and understand English, but he may be a little hard to understand at times. (R. 32). Plaintiff admitted to the ALJ that he cannot read and understand an English newspaper, write his address, or write out directions to his home in English, but he can count change. (R. 36-37). Plaintiff has not received any education or training in the United States. (R. 37).

In his decision, the ALJ found that plaintiff had a "marginal education," (R. 20), defined in the regulations as "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs," and "generally consider[ed] [as] formal schooling at a 6th grade level or less." 20 C.F.R. §§ 404.1564(b)(2), 416.964(b)(2). The ALJ then asked the vocational expert to assume for purposes of the ALJ's hypothetical that plaintiff had "an eighth grade education in Mexico, a poor ability to read, a poor ability to write[,] and a poor ability to use numbers." (R. 65, 67). Based on this assumption, the vocational expert testified that there are jobs in the national economy which plaintiff can perform.

However, it is unclear to the Court how the ALJ reached his conclusion regarding plaintiff's educational level. The only direct evidence available to the ALJ on this issue was plaintiff's testimony that he cannot read or write English and that he attended school through the 8th grade[2] in Mexico. (R. 15). The ALJ recited this testimony in his decision, but he provides no analysis to establish that plaintiff's testimony meets the definition of a marginal education. (R. 20). The fact that plaintiff completed the 8th grade in Mexico, without more, is not probative of his

---

[2] Plaintiff's wife reported that plaintiff has a 6th grade education, not an 8th grade education. (R. 236). For purposes of this decision, however, the Court accepts plaintiff's testimony and the ALJ's finding that plaintiff has an 8th grade education. (R. 15, 36).

ability to read and write in English. Thus, the ALJ's finding that plaintiff had a "marginal education" was not supported by substantial evidence.

The next question is whether the additional evidence presented by plaintiff to the Appeals Council is substantial evidence that plaintiff had a "marginal education." After receiving the ALJ's unfavorable decision, plaintiff's attorney sent him for literacy testing on January 31, 2014 with Larry Vaught, Ph.D. at Behavioral Health, Inc. (R. 637-38). Because Dr. Vaught's Medical Source Statement was submitted to and accepted by the Appeals Council, it is considered a part of the record. O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994). Dr. Vaught utilized the WRAT-III (Wide Range Achievement Test).[3] (R. 637-38). Based on the WRAT-III, he opined that plaintiff's "reading is very halting and is at best [second] grade level. His spelling is at kindergarten levels. He cannot correctly spell such words as 'and,' 'in,' or 'him.' His math is at [second] grade level. He can do very simple addition and subtraction." (R. 637).

Dr. Vaught's opinion, which is not contradicted in the record, could possibly be read to support a marginal education level (ability to read at a second grade level and spell at a kindergarten level), but it more likely supports a finding of illiteracy.[4] In either event, it does not meet the threshold for substantial evidence in support of the ALJ's finding regarding plaintiff's educational level. Thus, this matter must be remanded for the ALJ to review the available evidence, seek additional evidence if appropriate, and reach a conclusion (one that includes the ALJ's reasoning) regarding plaintiff's educational level.

---

[3] Dr. Vaught tested plaintiff's abilities in English.

[4] Illiteracy is defined in the regulations as "the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists …. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1).

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is **REVERSED and REMANDED** for further proceedings. Specifically, the ALJ should re-evaluate plaintiff's residual functional capacity in light of Dr. Vaught's opinion and any additional evidence that the ALJ obtains.

SO ORDERED this 29th day of September, 2016.

_____
T. Lane Wilson
United States Magistrate Judge